**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:15-cv-01472-RBJ

TELIAX, INC. d/b/a Teliax Colorado, LLC,
        Plaintiff/Counter-Defendant,

        v.

AT&T CORP.,
        Counter-Plaintiff/Defendant, and

BELLSOUTH LONG DISTANCE, INC.
D/B/A AT&T LONG DISTANCE SERVICE,
        Defendant.

---

**STIPULATED PROTECTIVE ORDER GOVERNING**
**CONFIDENTIAL INFORMATION**

---

Plaintiff, Teliax, Inc., d/b/a Teliax Colorado, LLC ("Teliax"), and Counter-Plaintiff/Defendant, AT&T Corp. and Defendant BellSouth Long Distance, Inc., d/b/a AT&T Long Distance Service (collectively "AT&T") (hereinafter Teliax and AT&T are referred to as the "Parties" or each individually is referred to as a "Party") hereby agree to entry of this Stipulated Protective Order Governing Confidential Information ("Protective Order") in order to preserve the confidentiality of certain information that may be contained in documents produced and certain testimony that may be given by witnesses in this case.   Accordingly, IT IS ORDERED THAT:

1.      The Parties have reviewed the Court's practice standards and have tailored the proposed Protective Order accordingly.

2.      This Protective Order shall apply to all documents, materials, and information including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

3.      Any Party, through counsel or otherwise, may designate any document, or any part of any document, as CONFIDENTIAL if that Party has a bona fide, good faith belief that the information contained therein should be protected from public disclosure.

4.      Given the nature of this case, documents, materials, and/or information that may be designated as CONFIDENTIAL (collectively "CONFIDENTIAL Information") may include, but is not limited to, the following:

     a.      Confidential settlement communications among the Parties;

     b.      Information prohibited from disclosure by statute or regulation;

     c.      Information that reveals trade secrets;

     d.      Research, technical, commercial, proprietary, or financial information that the Party maintains in confidence;

     e.      Documents containing customer proprietary network information ("CPNI").

5.      CONFIDENTIAL Information shall be used only for purposes of this case. CONFIDENTIAL Information shall not be used in any other litigation or proceeding or for any other purpose, absent a written agreement signed by all of the Parties to this Protective Order, or by order of this Court.

6.      CONFIDENTIAL Information shall be identified by placing or affixing on every page (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  Any information designated by a Party as CONFIDENTIAL must first be reviewed by a lawyer who will certify that the designation as CONFIDENITAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection under Fed.R.Civ.P 26(c).

7.      CONFIDENTIAL Information shall not, without the consent of the Party producing it or further order of the Court, be disclosed, except that such information may be disclosed to:

(a)     the Court and its employees ("Court Personnel");

(b)     copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of the action;

(c)     the Parties and their employees who have a need to know about the information;

(d)     in-house and outside attorneys for the Parties, and those attorneys' respective employees;

(e)     court reporters and videographers transcribing or filming depositions or testimony involving Confidential Information;

(f)     expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

(g)     insurers of the Parties, and counsel for insurers of the Parties;

(h)     deponents, witnesses or potential witnesses; and

(i)     other persons by written agreement of the parties.

8.      Prior to disclosing any CONFIDENTIAL Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and shall obtain from such person a written acknowledgment, in the form of Exhibit A attached hereto, stating that he or she has read this Protective Order and agrees to be bound by its provisions.   All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

9.      The recipient of any CONFIDENTIAL Information shall maintain the information in a secure and safe area and in a manner which ensures that access to CONFIDENTIAL Information is strictly limited to persons entitled to receive CONFIDENTIAL Information in accordance with the provisions of this Protective Order.

10.     Nothing in this Protective Order shall prohibit a Party, or its counsel, from disclosing a document designated as CONFIDENTIAL to the author or recipient of the document, or to a person who was or is an officer, employee, or director of the same company as the author or recipient at the time it was sent or received.

11.     Prior to designating a document CONFIDENTIAL, the designating Party shall consider whether redacting the sensitive information could provide the desired protection and, if so, redact accordingly in lieu of designating the document as CONFIDENTIAL.

12.     Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.   Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as

CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  Only persons authorized to receive or view CONFIDENTIAL Information shall be permitted to attend portions of depositions during which CONFIDENTIAL Information is disclosed.  During the course of a deposition, if the response to a question would require the disclosure of CONFIDENTIAL Information, the witness may refuse to answer or the designating Party may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive CONFIDENTIAL Information have left the room.

13.    An inadvertent failure to designate documents and information as CONFIDENTIAL shall not constitute a waiver of a claim of confidentiality and shall be corrected once discovered by prompt supplemental written notice designating the documents and information as CONFIDENTIAL.  The designating Party and the Party receiving the information shall confer regarding the most efficient method for marking the documents and information with the stamp identified in Paragraph 6, with the designating Party to reproduce the documents and information with the appropriate stamp if the Parties are unable to reach agreement.  A written notice shall identify with specificity the information or documents that contain CONFIDENTIAL Information.  In addition, the Party receiving the CONFIDENTIAL Information shall use its best efforts to immediately retrieve any inadvertently disclosed CONFIDENTIAL Information from any persons to whom it gave CONFIDENTIAL Information and who is not otherwise entitled to see the CONFIDENTIAL Information.  Any dispute regarding corrected designations that the Parties are unable to resolve pursuant to this paragraph

shall be brought before the Court, but all corrected designations shall be binding upon the Parties unless and until the Court orders otherwise.

14.     An inadvertent production of information, documents, or tangible things that should or could have been withheld subject to a claim of attorney-client privilege or work-product immunity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity.  In such an event, pursuant to the Model Rules of Professional Conduct 4.4(b) and (c), all Parties shall destroy immediately (or return to the produced Party's counsel) all copies of this document and withdraw this document from any use in the above referenced lawsuit.  Any Party discovering the inadvertent or mistaken production shall notify all other Parties, in writing, within five (5) business days of learning of the inadvertent or mistaken production and shall request or facilitate the return of all information for which an inadvertent or mistaken production is made.  Within ten (10) business days after receiving a written request to do so, the receiving Party of those documents shall return to the producing Party any documents or tangible items that the producing Party represents are covered by a claim of attorney-client privilege or work-product immunity and were inadvertently or mistakenly produced.  The receiving Party shall also destroy extra copies or summaries of, or notes relating to, any inadvertently or mistakenly produced information and shall certify its compliance with these requirements in a letter accompanying the return of any inadvertently or mistakenly produced information.  Any dispute regarding corrected designations or appropriateness of documents or information subject to this "clawback" provision that the Parties are unable to resolve pursuant to this Paragraph 14 herein shall be brought before the Court, but

all corrected designations and "clawbacks" shall be binding upon the Parties unless and until the Court orders otherwise.

15. A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party challenging the designation may file an appropriate motion, in camera, with the Court. Any information that is challenged shall be treated as CONFIDENTIAL under this Protective Order until the Court rules otherwise. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

16. A Party is not required to challenge or object to a CONFIDENTIAL designation with respect to any document or information that it does not believe contains CONFIDENTIAL information. The lack of any challenge to a CONFIDENTIAL designation shall not be referenced or otherwise used to suggest that the Party not challenging the designation agrees that such document or information contains CONFIDENTIAL Information. By submitting to this Protective Order, the Parties have not waived any applicable privilege or work product protection.

17. Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, any additional protection with respect to CONFIDENTIAL Information as that Party may consider appropriate.

18.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL Information; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL Information for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.

19.     The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

20.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

21.     The Parties agree that this Court shall have jurisdiction over the Parties, their attorneys, and experts for enforcement of the provisions of the Protective Order, following the termination of this litigation and, by the Parties' stipulation to this Protective Order, hereby consent to this jurisdiction.

22.     Each individual who receives any Confidential Information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

DONE AND ORDERED this 6th day of November, 2015.

BY THE COURT:

_____
R. Brooke Jackson
District Court Judge

STIPULATED BY:


/s/ Robert H. Jackson
Robert H. Jackson
Keenan P. Adamchak
Marashlian & Donahue, LLC
The *Comm*Law Group
1420 Spring Hill Rd., Suite 401
McLean, VA 22102
Telephone:  (703) 714-1300

John F. Young
Markus Williams Young & Zimmerman LLC
1700 Lincoln St., Suite 4550
Denver, CO 80203
Telephone:  (303) 866-0107

*Attorneys for Plaintiff/Counter-Defendant Teliax, Inc.*


/s/ Rebecca B. DeCook
Rebecca B. DeCook
Patrick J. Hickey
Moye White LLP
16 Market Square, 6th Floor
1400 16th Street
Denver, CO 80202-1486
Telephone:  (303) 292-2900

and

Hans J. Germann
Robert E. Entwisle
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60622
Telephone: (312) 782-0600

*Attorneys for Counter-Plaintiff/Defendant AT&T Corp. and Defendant BellSouth Long Distance, Inc.*

## <u>EXHIBIT A</u>

## WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he/she has carefully and completely read the Stipulated Protective Order Governing Confidential Information in Civil Action No. 1:15-cv-01472 between Teliax, Inc., Plaintiff/Counter-Defendant, and AT&T Corp., Counter-Plaintiff/Defendant and BellSouth Long Distance, Inc., Defendant; that he/she is one of the persons contemplated in Paragraph 7 of the Stipulated Protective Order Governing Confidential Information; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order Governing Confidential Information.  The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order Governing Confidential Information.

_____
Signature

_____
Title or Position

_____
Printed Name

Date:_____

STATE OF _____)
                                                         ) ss.
COUNTY OF _____ )

Subscribed and sworn to before me by _____ on this _____ day of _____, 201_.

My commission expires: _____

_____
Notary Public